UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A),

     Plaintiff,

v.                                                   Case No:   6:15-cv-317-Orl-18TBS

ALBERT F. ORR, III , ELIZABETH S.
NOBREGA, MARY MARGARET ORR
and ESTATE OF NANCY ORR,

     Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Final Default Judgment as it Pertains to Defendant Elizabeth S. Nobrega. (Doc 29).   Upon due consideration I respectfully recommend that the motion be **denied without prejudice**.

### I. Background

This interpleader case arises from a dispute between the heirs of Nancy Orr ("Nancy") over the proceeds of an annuity issued by Plaintiff John Hancock Life Insurance Company (U.S.A.).   The individual Defendants—Albert Orr ("Albert"), Mary Margaret Orr ("Mary"), and Elizabeth Nobrega ("Elizabeth")—are the named beneficiaries of the annuity, the value of which currently exceeds $500 (Doc. 1, ¶ 6; Doc. 14, ¶ 12).   The remaining Defendant is Nancy's estate, of which Albert is executor (Doc. 1, ¶ 5; Doc. 14, ¶ 7). Albert, Mary, and Nancy's estate (collectively, "the Orrs") are all represented by the same attorney; Elizabeth has not appeared in this action.

In August 2013, Nancy gave Elizabeth a substantial gift with the mutual understanding that the value of the gift would be deducted from Elizabeth's inheritance

from Nancy's estate upon Nancy's death (Doc. 14, ¶ 12; Doc. 14-1 at 2).   On December 10, 2013, a Florida probate court entered an order authorizing the gift and a deduction "pursuant to the provisions of [FLA. STAT. § 732.609], from the devise to [Elizabeth] under [Nancy's] Last Will and Testament, such deduction to be in an amount equal to the fair market value of the property as of the date of the gift."   (Doc. 14, ¶ 13; Doc. 14-2 at 2).

On August 26, 2014, Nancy passed away (Doc. 1, ¶ 10).   Shortly thereafter, Albert, through his attorney, sent Plaintiff a letter asking Plaintiff "not disburse proceeds to the beneficiaries" of the annuity "until certain matters can be resolved as it relates to the Estate of Nancy Orr."   (Doc. 1, ¶ 13; Doc. 1-2 at 1).   The letter explained that Nancy's estate did not have sufficient assets to equalize the distribution of funds between Nancy's heirs "unless funds from the [annuity] are utilized for that purpose."   (Doc. 1-2 at 1).   It asked Plaintiff to "either not disburse until further order from the Probate Court in Brevard County, Florida or, in the alternative, interplead the proceeds from the [annuity] with the Court in Brevard County."   (Id.).

Plaintiff chose a third option, bringing this interpleader action against Nancy's estate and her heirs in this Court.   Plaintiff has invoked the federal interpleader statute which allows a stakeholder to summon adverse claimants to a fund into one federal court to resolve their dispute, provided there is (1) minimal diversity among the claimants and (2) at least $500 at stake–conditions that, with a caveat noted below, appear to be met here (Doc. 1, ¶ 6).   The Orrs have answered the interpleader complaint and filed a crossclaim against Elizabeth seeking a declaration of their entitlement to the funds pursuant to 28 U.S.C. §§ 2201 and 2202 (Doc. 14).   Elizabeth did not answer the complaint or the crossclaim, and both Plaintiff and the Orrs have moved for and obtained entry of clerk's defaults against her (Docs. 18, 19, 26, 27).   Now, Plaintiff seeks a final

default judgment against Elizabeth and an order enjoining Elizabeth "from instituting any action against [Plaintiff] to recovery [sic] annuity funds"; allowing it to deposit the funds in the Court registry; and discharging it from liability as to Elizabeth (Doc. 29).

## II. Discussion

### A.   Diversity of Citizenship

The interpleader statute authorizes district courts to exercise subject matter jurisdiction in interpleader cases where the claimants to the fund are minimally diverse and the value of the fund exceeds $500.   To satisfy this requirement, the plaintiff must show that two of the adverse claimants are citizens of different states.   Citizenship for an individual is that person's domicile, Travaglio v. American Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013); citizenship for an estate (or its personal representative) is the domicile of the decedent at the time of his or her death.   28 U.S.C. § 1332(c)(2).   The complaint alleges that Albert is a "resident" of Connecticut, Elizabeth is a "resident" of Virginia, Mary is a "resident" of Florida, and Nancy's estate is a "Florida Estate."   (Doc. 1, ¶¶ 2-5).   Residence is not the same thing as domicile, because to establish domicile in a state one must both reside there and intend to remain there indefinitely.   Travaglio, 735 F.3d at 1269.   This may seem like nitpicking but the Eleventh Circuit takes the distinction seriously.   Id. at 1269-70 (vacating order of dismissal on the merits entered by district court and remanding with instructions to dismiss for lack of subject matter jurisdiction, where insufficient jurisdictional allegations had not been cured by submission of appropriate evidence).   Plaintiff must therefore either (1) file an amended interpleader complaint with proper allegations of citizenship and serve that on each Defendants, or (2) provide evidence showing that Defendants are minimally diverse, see Travaglio, 735 F.3d at 1269.   Evidence of citizenship may include stipulations or affidavits establishing

jurisdictional elements, <u>Brown v. Royal Caribbean Cruises, Ltd.</u>, 549 Fed. Appx. 861, 863 (11th Cir. 2013) (citing <u>Travaglio</u>, 735 F.3d at 1269-70; <u>In re CP Ships Ltd. Securities Litigation</u>, 578 F.3d 1306, 1311 (11th Cir. 2009)).[1]

    B.   Other Threshold Issues

As an initial matter, I find that the entry of default by the Clerk was proper.   The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner…." <u>Kelly v. Florida</u>, 233 Fed. Appx. 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)).   Plaintiff effected personal service on Elizabeth pursuant to Rule 4(e)(2)(A) by delivering the summons and a copy of the complaint to her on April 5, 2015 (Doc. 18-1).

I also find that the Court has personal jurisdiction over Elizabeth.   Rule 4(k)(1)(C) provides that service of process is sufficient to "establish[] personal jurisdiction over [the] defendant ... when authorized by federal statute."   The federal judicial code allows nationwide service of process in statutory interpleader cases.   28 U.S.C. § 2361.   Thus, service of the summons and complaint on Elizabeth in Norfolk, Virginia was sufficient to establish this Court's jurisdiction over her.

However, the non-military affidavit Plaintiff's attorney has submitted is insufficient to satisfy the requirements of the Servicemembers Civil Relief Act ("SCRA").   The affidavit states that Elizabeth "is not in the Armed Services as defined in the Service Members' Civil Relief Act" and that Plaintiff's attorney has "conducted an investigation utilizing the subject's name, social security number, address history and other available identifying information" and "reviewed employment information available online and in

---

[1] The failure to adequately allege the citizenship of Defendants also precludes the Court from relying on 28 U.S.C. § 1332 to assert jurisdiction.

available databases" and "determined that [she] is not on active duty in the Armed Forces

of the United States."   (Doc. 31, ¶¶ 2, 3a, 3b).   The SCRA does not define "armed

services."   See 50 U.S.C. appx. § 511.   And the Act protects not just members of the

five branches (Army, Navy, Marines, Air Force, and Coast Guard) comprising the armed

forces as defined in 10 U.S.C. § 101(a)(4), but also commissioned officers on active

service in the Public Health Service and the National Oceanic and Atmospheric

Administration ("NOAA").   See 50 U.S.C. § 511(2)(B).   Plaintiff's affidavit says nothing

about whether Elizabeth is in "military service" in either the Public Health Service or

NOAA.[2]

C. There is a sufficient basis for entry of default judgment against Elizabeth

The entry of a default by the clerk does not require the court to enter a default

judgment.   DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005).

Before judgment can be entered pursuant to FED. R. CIV. P. 55(b), there must be a

sufficient basis in the pleadings to support the relief sought.   Id.   "The defendant is not

held to admit facts that are not well-pleaded or to admit conclusions of law.   In short ...

a default is not treated as an absolute confession of the defendant of his liability and of

the plaintiff's right to recover."   Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515

F.2d 1200, 1206 (5th Cir. 1975).[3]

Provided it can show that the claimants are minimally diverse, Plaintiff has

established its right to relief under the interpleader statute.   It has custody of a fund (the

annuity) whose value exceeds $500 that is subject to two or more adverse claims (Albert,

---

[2]  The cheapest and easiest way to comply with the SCRA is to submit a query to the Defense
Manpower Data Center, which can be done online at https://www.dmdc.osd.mil/appj/scra/.
[3]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit
adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Mary, Elizabeth, and Nancy's estate) (Doc. 1, ¶¶ 8, 11-15), and it has offered to deposit the fund into the registry of the Court.   See 28 U.S.C. § 1335.   Plaintiff has also alleged that these competing claims may subject it to double or multiple liability (Doc. 1, ¶¶ 15, 17).   Elizabeth has admitted these allegations by virtue of her default.   Therefore, Plaintiff has established its entitlement to the equitable remedy of interpleader, at least as to Elizabeth.

  C.   The Court should not enter judgment as to less than all Defendants

  Although Plaintiff moves for a default judgment against Elizabeth and an order discharging it from liability to her under the Annuity, it does not seek similar relief against the other Defendants.   When a district court disposes of claims against some, but not all, defendants in a multi-defendant case, it may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."   Fed. R. Civ. P. 54(b).   This rule is "an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). To determine whether there is just reason for delay, a district court must "balance judicial administrative interest and relevant equitable concerns." Id. at 165-66 (citing Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)).   The Eleventh Circuit has cautioned district courts to exercise their discretion to enter early judgment "conservatively." Id. at 166 (citing In re Southeast Banking Corp., 69 F.3d 1539, 1550 (11th Cir. 1995)).   Because Plaintiff has not explained why the Court should enter final judgment permitting it to deposit the annuity funds into the Court's registry and discharging it from liability, I recommend against the entry of judgment in

Plaintiff's favor at this time.   Instead, I recommend the Court defer entry of judgment in Plaintiff's favor until it can enter one judgment for Plaintiff as to all Defendants.

D.   Plaintiff has not established its entitlement to injunctive relief

In addition to an order discharging it from liability, Plaintiff requests that Elizabeth be enjoined from bringing any action against it to recover the annuity funds.   When a plaintiff files a statutory interpleader case, the district court "may ... enter" a preliminary injunction barring the defendants "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court."   28 U.S.C. § 2361.   The court "shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."   Id. Thus, injunctions in interpleader cases are discretionary, not mandatory.   Plaintiff has not offered a good reason why an order discharging it from liability will not suffice to protect its interests.   See Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975) (explaining that when a court grants a party declaratory relief, "stronger injunctive medicine" will usually be unnecessary); see also Thomas v. Bryant, 614 F.3d 1288, 1318 (11th Cir. 2010) (explaining that a prevailing party may not obtain an injunction without showing "a real or immediate threat" of future wrongdoing or at least some "substantial risk of serious injury").

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's motion for default judgment be **denied without prejudice**.

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and

Recommendation, waives the right to challenge on appeal the district court's order based

on unobjected-to factual findings and legal conclusions.

      **RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 1, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record
      Any Unrepresented Parties