UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A),

      Plaintiff,

v.                             Case No:   6:15-cv-317-Orl-18TBS

ALBERT F. ORR, III, *et al.*,

      Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion for Default Judgment (Doc. 42) of Defendants/Cross-Plaintiffs Albert F. Orr, III ("Albert"), Mary Margaret Orr ("Mary"), and the Estate of Nancy Orr (collectively, the "Orrs").   The Orrs seek default judgment on their crossclaims against Defendant/Cross-Defendant Elizabeth S. Nobrega ("Elizabeth"). Upon due consideration, I respectfully recommend that the motion be **DENIED without prejudice**.

### Background

This is an interpleader action arising from a dispute between the heirs of Nancy Orr ("Nancy") over the proceeds of an annuity issued by Plaintiff John Hancock Life Insurance Co.   The individual Defendants–Albert, Mary, and Elizabeth–are the named beneficiaries of the annuity, the value of which currently exceeds $711,000 (Doc. 1, ¶¶ 6-8; Doc. 14, p. 4).   The remaining Defendant is Nancy's estate, of which Albert is executor (Doc. 1, ¶¶ 5, 7).   The Orrs are all represented by the same attorney and have filed an answer and crossclaim against Elizabeth for declaratory relief (Docs. 14, 39).   Elizabeth has not appeared in this action.

In August 2013, Nancy gifted real property in Virginia and an automobile to Elizabeth as an advancement on her one-third share of Nancy's future estate (Doc. 14-1; Doc. 41, ¶ 11).   The Virginia home had a fair market value of $205,000 at the time of the gift, and the automobile was valued at $9,445 (Doc. 14, p. 6; Doc. 41, ¶ 14).   On December 10, 2013, a Florida probate court entered an order authorizing the lifetime gift and ordered that it "be deducted pursuant to the provisions of Section 732.609 of Florida Statutes, from the devise to [Elizabeth] under [Nancy's] Last Will and Testament, such deduction to be in an amount equal to the fair market value of the property as of the date of the gift."   (Doc. 14-2).

Nancy passed away on August 26, 2014 (Doc. 1, ¶ 10; Doc. 14, p. 4).   On September 12, 2014, Albert's attorney sent Plaintiff a letter asking that it "not disburse proceeds to the beneficiaries" of the annuity "until certain matters can be resolved as it relates to the Estate of Nancy Orr."   (Doc. 14-3).   The letter explains that Nancy's estate does not have sufficient assets to equalize the distribution of funds between Nancy's heirs "unless funds from the [annuity] are utilized for that purpose."   (Id.).   Plaintiff brought this interpleader action to determine how to distribute the proceeds of the annuity.

On May 12, 2015, the Orrs filed an answer and crossclaim against Elizabeth seeking a declaration of their entitlement to proceeds of the annuity pursuant to 28 U.S.C. §§ 2201 and 2202 (Docs. 14, 39).   Both Plaintiff and the Orrs moved for and obtained entry of defaults against Elizabeth after she failed to answer the complaint and crossclaim (Docs. 18, 19, 26, 27).   Plaintiff filed a motion for default judgment against Elizabeth on June 24, 2015, (Doc. 29), which the Court denied without prejudice (Doc. 38).   Then Plaintiff filed an amended complaint to correct its jurisdictional allegations, (see Doc. 35,

p. 3; Doc. 37), and the Orrs filed an amended answer and crossclaim on July 29, 2015 (Doc. 39).   The Orrs now seek default judgment against Elizabeth on their crossclaims (Doc. 42).

## Discussion

Rule 55(b) of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a party whose default has been entered by the clerk.   Once default has been entered, a defaulting defendant is considered to have admitted the well-pleaded allegations of fact.   See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).   However, "a defendant's default does not in itself warrant the court in entering a default judgment," and it "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."   Nishimatsu Const. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]   Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if there is "a sufficient basis in the pleadings for the judgment entered."   Id.   The party seeking default judgment must also comply with the requirements of the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521.

The Court previously found that the entry of default by the Clerk was proper and that the Court has personal jurisdiction over Elizabeth (Doc. 34, p. 4; Doc. 38). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332, and the Servicemembers Civil Relief Act does not prevent entry of default judgment against Elizabeth.   See Doc. 41, ¶ 5; 50 App. U.S.C. § 521.   Because the Clerk entered default before the amended complaint

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

and amended crossclaims were filed, Elizabeth is considered to have admitted only the well-pleaded allegations of fact in the original complaint and crossclaims.

The original crossclaim against Elizabeth is for declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202, to determine the distribution of death benefits payable under the annuity.   Section 2201 provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."   28 U.S.C. § 2201. Consistent with the requirements of Article III of the United States Constitution, the facts alleged must present a "substantial continuing controversy between two adverse parties." Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999) (citing Emory v. Peeler, 756 F.2d 1547, 1551-52 (11th Cir. 1985)).   "'The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.'"   Id. (quoting Emory, 756 F.2d at 1552).

Nancy died on August 26, 2014, survived by the three individual Defendants, who are also the three named beneficiaries of the annuity (Doc. 14, p. 4).   A copy of the annuity contract is attached to the complaint (Doc. 1-1).   Prior to her death, Nancy gifted real property and an automobile to Elizabeth, who agreed in writing that the gifts would "be subtracted from and applied against [her] 1/3 share of the estate of Nancy C. Orr upon her death."   (Doc. 14, p. 4; Doc. 14-1; Doc. 41, ¶ 11).   On December 10, 2013, the Circuit Court in and for Brevard County, Florida, entered an order authorizing the lifetime gift:

**ORDERED:**

1. It is in the best interest of the Ward [Nancy] and her estate, and in furtherance of [Nancy's] estate planning objectives, for the guardian to abandon legal efforts in the State of Virginia to take possession of the Ward's Virginia property located at 8067 Bison Avenue, Norfolk, Virginia so that it can be sold, and instead make a gift of such property to the Ward's daughter, ELIZABETH NOBREGA, who has been residing on the property rent free.

2. ALBERT F. ORR, III as guardian of the property of NANCY C. ORR is authorized to make a lifetime gift of the Ward's property located at 8067 Bison Avenue, Norfolk, Virginia, to the Ward's daughter, ELIZABETH NOBREGA, to be deducted pursuant to the provisions of Section 732.609 of Florida Statutes, from the devise to her under the Ward's Last Will and Testament, such deduction to be in an amount equal to the fair market value of the property as of the date of the gift.

(Doc. 14-2).

The Orrs' original crossclaim alleges that: "The Annuity contract is the most significant asset that passes as a result of Nancy C. Orr's death, and there will be insufficient assets to equalize the distribution to ALBERT, MARY MARGARET, and ELIZABETH unless the Annuity proceeds are utilized for the purposes of equalization."

(Doc. 14, p. 5).   The Orrs seek,

a Default Declaratory Judgment in favor of Defendants/Cross-Plaintiffs and against Cross-Defendant, ELIZABETH, that apportions the Annuity proceeds, net of tax, between ALBERT, MARY MARGARET, and ELIZABETH after taking into account and off-setting ELIZABETH's portion with Nancy C. Orr's lifetime gifts to ELIZABETH of the Virginia home (with a fair market value of $205,000 at the time of the gift as established by certified appraisal) and the automobile (with a value of $9,445 as shown on the certificate of title at the time of transfer).

(Doc. 42, p. 3) (emphasis in original).

As noted *supra*, Elizabeth was given a lifetime gift, authorized by the Circuit Court in and for Brevard County, Florida, "to be deducted pursuant to the provisions of Section

732.609 of Florida Statutes, from the devise to her under [Nancy's] Last Will and

Testament."  (Doc. 14-1).   Section 732.609 of Florida Statutes provides:

> Property that a testator gave to a person in the testator's lifetime is treated
> as a satisfaction of a devise to that person, in whole or in part, only if the will
> provides for deduction of the lifetime gift, the testator declares in a
> contemporaneous writing that the gift is to be deducted from the devise or is
> in satisfaction of the devise, or the devisee acknowledges in writing that the
> gift is in satisfaction.   For purposes of part satisfaction, property given
> during the testator's lifetime is valued at the time the devisee came into
> possession or enjoyment of the property or at the time of the death of the
> testator, whichever occurs first.

Fla. Stat. § 732.609.   "'Devise,' when used as a noun, means a testamentary disposition

of real or personal property and, when used as a verb, means to dispose of real or

personal property by will or trust."   Fla. Stat. § 731.201(10).   In short, § 732.609 requires

the lifetime gift to Elizabeth to be offset from the devise to her in Nancy's will.

   Missing from the record before the Court is a copy of Nancy's Last Will and

Testament, or other evidence of how Nancy's property was devised.   In addition to this

omission, it appears that the annuity may not have actually passed by devise and that it

may not be part of Nancy's estate.   See e.g., Doc. 14, p. 4 ("ALBERT, MARY

MARGARET, and ELIZABETH are the three named beneficiaries of the Annuity."); Doc.

14-3 (letter from the Orrs' counsel to Plaintiff).   If the annuity is not part of the estate,

then the Orrs have not explained, or provided legal authority to support, treating the

annuity as if it was devised in Nancy's will and subject to the ademption by satisfaction

provisions in Fla. Stat. § 732.609.

   In September 2014, the Orrs' attorney suggested in a letter that Plaintiff interplead

the proceeds from the annuity in the Circuit Court in and for Brevard County, where the

lifetime gift from Nancy to Elizabeth was authorized and Nancy's estate is being probated

(Doc. 1, ¶ 5; Doc. 14-2; Doc. 14-3).   That court is eminently qualified and capable to

make this decision and, if appropriate, decide the remedy.   Instead, Plaintiff decided to bring what appears to be a novel issue of Florida probate law[2] to federal court through this interpleader action.   After due consideration of these issues, I am unable, without more facts and legal authority, to determine whether the Orrs are entitled to the requested declaratory relief.

Recommendation

Accordingly, I **RESPECTFULLY RECOMMEND** that the Orrs' Motion for Default Declaratory Judgment and Incorporated Memorandum of Law (Doc. 42) be **DENIED without prejudice**.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of the issuance of the report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 22, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Unrepresented Parties

---

[2] *Shepard's Citations* reveals that Fla. Stat. § 732.609 has been cited in only five decisions.   Two of the citations were merely passing references in a list of statutes, Basile v. Aldrich, 70 So. 3d 682, 690-91 (Fla. Dist. Ct. App. 1st Dist. 2011); Basile v. Aldrich (In re Estate of Aldrich), 2011 Fla. App. LEXIS 5651, at *12 (Fla. Dist. Ct. App. 1st Dist. Apr. 21, 2011); and one was in a prior order in this case.   John Hancock Life Ins. Co. (U.S.A.) v. Orr, 2015 U.S. Dist. LEXIS 94796, at *2 (M.D. Fla. July 1, 2015).